UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

Maria Lavinia Jones,
Appellant
v.
Department of Energy,
Agency

No. 14-3081
*(Court Combined With No. 14-3072)*

RECEIVED
2014 AUG -4 PM 1:45
US COURT OF APPEALS
FEDERAL CIRCUIT

PETITIONER'S REPLY TO RESPONDENT'S INFORMAL BRIEF

The Merit Systems Protection Board (MSPB) dismissed my case (14-3081) for lack of jurisdiction. The MSPB stated that the Administrative Judge erred when he stated that I was raising a separate "involuntary retirement" claim. Amongst other claims, a claim of "involuntary retirement" was included in my case before the arbitrator and my initial claim before the Merit Systems Protection Board. The Administrative Judge (AJ) directed me to separate my "involuntary retirement" claims from my initial claim before the MSPB. If the "involuntary retirement" claim was not separated, at the request of the AJ, then the "involuntary retirement" claims would have been included with docket number 14-3072.

My initial appeal did include discrimination, which resulted in my involuntary retirement. In addition, I was appealing legal errors that were made by the arbitrator. The MSPB AJ directed me to separate my complaint and now the MSPB should not be allowed to state that I am precluded from filing a separate appeal because I had elected to challenge my removal through the negotiated grievance procedure. I followed the direction of the AJ.

As in my initial claim (14-3072), the MSPB erred in determining that they did not have jurisdiction over my case, because of the following:

1) Discrimination - Raised Before the Arbitrator

On November 13, 2012, the Merit Systems Protection Board (MSPB) changed their regulations to state that appellants must raise a claim of discrimination before the arbitrator. The MSPB erred in their assumption that a claim of discrimination was not raised. The arbitrator's ruling clearly used the word "bias", "hostility", and "predetermined". For instance, the arbitrator's ruling states "...*Union asserts* that there was bias and hostility against the Grievant.." The arbitrator's ruling also states that the "Union argues that the Grievant's existence with the Agency was predetermined and violative of the regulations governing her removal". (RA-51 and RA-55) The Union's Post Hearing Brief stated that there were bias placed against me. The Union raised claims of discrimination/bias before the arbitrator and the agency provided the arbitrator with an exhibit stating that I felt that I was being discriminated against. This information was entered into the record. Therefore, my initial appeal before the MSPB was not my first claim of discrimination/bias. My initial claim of discrimination was raised before the arbitrator.

If the Court finds that discrimination was not before the arbitrator, the fact remains that my arbitration was held on *August 21, 2012*, which was "***before***" the effective date of the MSPB regulation change. The MSPB regulation change was effective on *November 13, 2012*. Therefore, on this fact alone, the MSPB should have established jurisdiction over my case. The MSPB regulation change was effective on November 13, 2012, which was long after my arbitration. At the time of my arbitration, the MSPB would have had jurisdiction over my case.

Respectfully stating, the Court must also recognize that the issue before them is not how effective the Union raised discrimination before the arbitrator, but it is whether the claim of discrimination (bias) was before the arbitrator and it was. The Code of Regulations - Title 5 - Subsection 1201.155 (c) Scope of Board review states "If the negotiated grievance procedure

permits allegations of discrimination, the Board will review only those claims of discrimination that were raised in the negotiated grievance procedure." This regulation does not state how effective one must be when a claim is raised. It simply says that a claim must be raised, which was done before the arbitrator.

2) Arbitrator Used Inappropriate Information In Her Ruling

During the arbitration proceedings, the arbitrator stated that the "bulleted" information was not "***Part of the the issue***." Therefore, this information should not have been included into her ruling. Her written ruling, clearly shows that the "bulleted" information *was* included in her "Findings and Discussion". The arbitrator went so far as to copy and paste the "bulleted" items into her decision. If this information was rendered inappropriate then she should not have included this information in her final ruling, especially in the "Findings and Discussion" section of her ruling. When the arbitrator used this information, which she deemed inadmissible, it adversely affected the outcome of my case. For the inclusion of this information, the arbitrator's ruling should have been overturned. *(RA-54)* and *(Attachment 1-Hearing Transcript)*

3) Arbitrator - Framework

The arbitrator also incorrectly stated that I had 26 years of experience as a Program Analyst, which was incorrect. This was an incorrect assumption by the arbitrator, which made her decision flawed *(RA-56)*. During the hearing, I was asked my total years of Federal service and I answered "Twenty-six". I never stated that I had 26 years of experience as a Program Analyst. I had 26 years of total Federal service. *(Attachment 2-Hearing Transcript)*

4) Douglas Factor

The arbitrator's ruling states "In addition, Chapter 43, involving performance-based removal cases cannot consider the "Douglas Factors" in its analysis (See Lee v. Department of Labor, 110 MSPR 355 (2008)). Also, a grievant's grade and length of Federal Service cannot be evaluated in light of this reasonable opportunity determination. ***It is through this prism that this removal is analyzed."*** (RA-52)

Later the arbitrator goes on to state *"Seventh, since the Douglas factors cannot be considered in making a reasonable determination which encompasses credible and relevant evidence of a performance-based grievance, the Grievant's long-term career of twenty-six (26) years as a Program Analyst were not considered as a mitigating factor in this removal ...* (RA-56).

In fact, the arbitrator did consider 26 years of experience as a Program Analyst, which was incorrect. The arbitrator ruling stated that a "... compelling component is the Agency's argument that as a Program Analyst the Grievant had long-term experience in her profession. My length of service, which is considered my long-term experience, should not have been a "compelling component" for the arbitrator to consider, because through her "prism" my length of service was not to be evaluated. The length of service was not to be considered under the "Douglas Factor". The arbitrator should not have allowed the agency to use 26 years of experience negatively towards me, especially when this information was so greatly flawed.

5) Perjury Before the Arbitrator

The respondent has stated that my concerns regarding perjury may be relevant to my appeal of the Board's decision on my grievance review appeal, but they are not relevant to whether the Board correctly determined that it lacked jurisdiction over my removal appeal.

I disagree with the respondent's statement. The agency should not be allowed to benefit from purposely misleading the arbitrator during my arbitration. The agency is basically "thumbing" its nose at the arbitration process. They have in essence stated that they can state what they want to say in front of the arbitrator and then have no consequences rendered against them. However, the agency can now decide to be honest when a higher court is involved. This is not what the arbitration process was set up for. Respectfully stating, the MSPB should have taken issue with this behavior, especially since the MSPB is supposed to represent "fairness". The Department of Energy has made a mockery out of the arbitration process.

The Court should find that the MSPB does have jurisdiction over my case, because of the information listed above and also in my initial claim (14-3072).

Respectfully Submitted,

Maria Lavinia Jones
10402 Tottenham Road
Cheltenham, MD 20623
(240) 476-5250

<u>Certificate of Service</u>

My reply to the respondent's informal brief was mailed by first class mail, on August 4, 2014, to the following individual:

Michael A. Carney
General Attorney
Office of the General Counsel
Merit Systems Protection Board
1615 M Street, NW
Washington, DC 20419

Respectfully Submitted,

Maria Lavinia Jones
10402 Tottenham Road
Cheltenham, MD 20623
(240) 476-5250

Attachment 1



A 1989.
Q Prior to your removal, what position did you hold with the Department of Energy?
A Program analyst.
Q When did you become a program analyst?
A I believe it was 1998.
Q When did you become a part of the Office of Budget and Financial Management?
A 2003.
Q What was your final grade and step?
A Grade 12, step 7.
Q What are your -- prior to your removal what are your total years of federal service?
A Twenty-six.
ARBITRATOR McKISSICK: Twenty-fifth?
THE WITNESS: Twenty-six.
ARBITRATOR McKISSICK: Twenty-six.
THE WITNESS: Uh-huh.
ARBITRATOR McKISSICK: Okay.
BY MR. GROSS:
Q What were your primary duties as a program analyst?
A I worked with -- in the areas of budget execution, budget formulation, the working capital fund and in the contract area.

of them, because I would send it to one and then cc the other.

Q Is that something that was sent in writing?

A Yeah, it should have been.

Q Okay. Now, did you prepare a monthly staffing report with analysis and provide a monthly briefing?

A I prepared a staffing report. I don't know about the monthly briefing.

MR. GROSS: Wait, I'm going to object. This -- again, we're going into the substantive performance. These -- I thought the issue was narrowed down to whether she was provided a reasonable opportunity to improve. These bullet points are what she needed to do to meet the meets expectations level which were not --

ARBITRATOR McKISSICK: Part of the issue.

MR. GROSS: -- which is not part of the issue.

ARBITRATOR McKISSICK: All right. I agree, that's tangential.

MS. RICHARDS: Okay. I'm trying to establish whether or not she was on notice of things that she could do. And so if -- you know, we've already entered this in the record, so --

MR. GROSS: I'll stipulate that she's on